UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA AARON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15CV18 SNLJ |
| | ) | |
| STE. GENEVIEVE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having reviewed the complaint and plaintiff's response to the Court's show cause Order, the Court finds that this action must be summarily dismissed.

The complaint contains various allegations about plaintiff's arrest, the search of his home, and his probation revocation. Plaintiff previously filed a civil action in which he alleges that he was falsely arrested and the search of his home was unreasonable. Bell v. Ste. Genevieve County, 1:14CV94 SNLJ (E.D. Mo.). On February 9, 2015, the Court ordered plaintiff to show cause why the instant case should not be dismissed as duplicative of the earlier case.

Plaintiff responds that he is not challenging the actions of law enforcement in this action. He says he is only challenging the revocation of his probation. He says he is now serving a ten-year sentence as a result of the revocation.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's

conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Id. at 487. "Heck applies to proceedings [that] call into question the fact or duration of parole." Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir.1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.1995) (Heck bars § 1983 action challenging revocation of supervised release). Plaintiff has not made any showing that the decision to revoke his probation has been reversed, expunged, set aside or called into question. As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 8th day of April, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE